UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NAZZER ALZAIDI,

                Plaintiff,

v.                                             1:19-CV-0833
                                                  (WBC)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER, PLLC<br>  Counsel for Plaintiff<br>6000 North Bailey Ave, Ste. 1A<br>Amherst, NY 14226 | BRANDI SMITH, ESQ.<br>KENNETH HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br>OFFICE OF REG'L GEN. COUNSEL – REGION II<br>  Counsel for Defendant<br>26 Federal Plaza – Room 3904<br>New York, NY 10278 | AMY MORELLI, ESQ.<br>JILLIAN NELSON, ESQ. |

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

     The parties consented, in accordance with a Standing Order, to proceed before the undersigned.  (Dkt. No. 11.)  The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the reasons discussed below, Plaintiff's motion is granted to the extent it seeks remand for further proceedings, and the Commissioner's motion is denied.

1

I.  **RELEVANT BACKGROUND**

   A.  **Factual Background**

Plaintiff was born in 1989. (T. 108.) He received a GED. (T. 223.) Generally, Plaintiff's alleged disability consists of ruptured discs in lumbar and cervical spine, spinal stenosis and degenerative disc disease, osteoarthritis, loss of cervical lordosis, regional musculoskeletal dysfunction/myofascial syndrome, cerebrovascular disease, syncope, attention deficit hyperactivity disorder ("ADHD"), arrhythmia, and high blood pressure/low blood pressure/orthostatic hypotension. (T. 222.) His amended alleged disability onset date is January 8, 2015. (T. 70.) His date last insured is December 31, 2019. (*Id.*) His past relevant work consists of railroad conductor, retail agent, and airline ramp agent. (T. 23, 258.)

   B.  **Procedural History**

On June 26, 2015, Plaintiff applied for a period of Disability Insurance Benefits ("SSD") under Title II of the Social Security Act. (T. 112.) Plaintiff's application was initially denied, after which he timely requested a hearing before an Administrative Law Judge ("the ALJ"). On September 7, 2017, and again on February 7, 2018, Plaintiff appeared before the ALJ, Paul Greenberg. (T. 57-107.) On June 26, 2018, ALJ Greenberg issued a written decision finding Plaintiff not disabled under the Social Security Act. (T. 12-30.) On April 25, 2019, the AC denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

   C.  **The ALJ's Decision**

Generally, in his decision, the ALJ made the following five findings of fact and conclusions of law.  (T. 18-25.)  First, the ALJ found Plaintiff met the insured status requirements through December 31, 2019 and Plaintiff had not engaged in substantial gainful activity since January 8, 2015.  (T. 18.)  Second, the ALJ found Plaintiff had the severe impairments of: degenerative disc disease, hypertension, orthostatic hypotension (with related syncope), sinus arrhythmia, and an unexplained transient ischemic attack ("TIA").  (*Id.*)  Third, the ALJ found Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 19.)  Fourth, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work; however:

> [Plaintiff] occasionally can balance, stoop, kneel, crouch, crawl, and climb ramps and stairs.  He cannot climb ladders, ropes, or scaffolds.  [Plaintiff] cannot work around unprotected heights or moving mechanical parts.  He cannot operate motorized equipment as part of a job.  [Plaintiff] cannot work in a fast-paced production environment.  [Plaintiff] must be able to sit for five minutes after standing for 25 minutes, or stand for five minutes after sitting for 25 minutes, but he can continue working in either position.

(T. 20.)[1]  Fifth, the ALJ determined was Plaintiff unable to perform past relevant work; however, there were jobs that existed in significant numbers in the national economy Plaintiff could perform.  (T. 23-25.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 404.1567(b).

3

Plaintiff makes one argument in support of his motion for judgment on the pleadings. Plaintiff argues the ALJ "improperly relied on his lay interpretation of complex bare medical findings to make the physical RFC determination." (Dkt. No. 8 at 17.) Plaintiff also filed a reply in which he deemed no reply necessary. (Dkt. No. 10.)

### B.    Defendant's Arguments

In response, Defendant makes one argument. Defendant argues substantial evidence supported the ALJ's RFC. (Dkt. No. 9 at 6-16.)

## III.   RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

    **B.**    **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual

functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

### IV.   ANALYSIS

Overall, Plaintiff makes essentially two arguments in support of his assertion that the ALJ failed to properly assess his RFC.  Plaintiff argues the ALJ failed to evaluate medical opinions provided by treating sources.  (Dkt. No. 8 at 10.)  Plaintiff further argues the ALJ failed to explain what evidence in the record supported his RFC determination.  (*Id*. at 12.)  For the reasons outlined below, remand is necessary for clarification concerning the evaluation of opinion evidence in the record and ultimate RFC determination.

The RFC is an assessment of "the most [Plaintiff] can still do despite [his] limitations."  20 C.F.R. § 404.1545(a)(1)[2].  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c).

In assessing the medical opinion evidence in the record, the ALJ will afford the opinion of a treating source controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the

---

[2]     Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2).  When assigning less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008).  *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted).  Those factors, referred to as "the *Burgess* factors," are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella,* 925 F.3d at 95-96 (citation omitted); 20 C.F.R. § 404.1527(c)(2)[3].

Here, the record consists of medical treatment records from treating sources and hospitalizations, medical imaging and other objective testing, and a statement from a non-examining State agency medical examiner.  (T. 115-121, 309-1428.)  The record does not contain a medical source statement from a treating provider or consultative examiner.  However, the record does contain treating source statements concerning Plaintiff's ability to perform his past relevant work as a railroad conductor.

On April 23, 2015, Plaintiff's treating physician Joseph Maddi, M.D., completed a "Supplemental Doctor's Statement," in which he listed Plaintiff's diagnosis as TIA with no neurological deficit and noted Plaintiff had a recent syncope episode.  (T. 625.)  He opined Plaintiff was not able to perform his "last occupation" without "restrictions," a cardiac evaluation was in progress, and Plaintiff continued to see a neurologist.  (*Id*.)

---

[3]     Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs").  Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

7

However, the form did not provide any further information regarding Plaintiff's restrictions. (*Id*.)

On May 15, 2015, nurse practitioner ("NP") Jerome Rutowski with Dr. Maddi's office completed a disability letter. (T. 628.) He opined Plaintiff was "disabled" from performing his regular occupation from February 23, 2015 until "ongoing" due to TIA, syncope, and collapse. (T. 628). He indicated Plaintiff was not permanently disabled. (T. 628). On June 19, 2015, NP Rutowski completed another disability letter and again opined Plaintiff was disabled from performing his "regular occupation" from February 23, 2015 until "ongoing" due to TIA, syncope, and collapse. (T. 626.)

On June 22, 2015, Dr. Maddi completed another "Supplemental Doctor's Statement" and again opined Plaintiff was not able to work without "restrictions" in his last occupation. (T. 627.) He listed Plaintiff's diagnosis as syncope and collapse. (*Id*.) He indicated Plaintiff's estimated date to return to work was July 1, 2015, but explained cardiac testing was still in progress. (*Id*.)

To be sure, as stated by Defendant, opinions on some issues, such as whether a plaintiff is disabled or unable to work "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d). Therefore, the ALJ was not obligated to assess the statements under the treating physician rule outlined in 20 C.F.R. § 404.1527(c). *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 77 (2d Cir. 2018).

Although the statements provided by the treating sources were administrative findings, and therefore the ALJ was not obligated to assess the statements under the treating physician rule, remand is necessary because the ALJ failed to provide any discussion or analysis of the statements.  *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (plaintiff is "not entitled to have [the doctor's] opinion on the ultimate question of disability be treated as controlling, but she is entitled to be told why the Commissioner has decided—as under appropriate circumstances is his right—to disagree with [the doctor]"); *see Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) (although doctor's conclusion that plaintiff was disabled was not entitled to controlling weight, plaintiff was entitled to an explanation of the reasons for the ALJ's refusal to credit such findings).

The ALJ's written decision summarized Plaintiff's testimony, treatment, objective medical imaging and the opinion by non-examining State agency medical consultant, Dr. Kleinman.  (T. 21-23.)  However, the ALJ's decision is completely silent regarding the statements provided by treating providers Dr. Maddi and NP Rutowski.  Indeed, nowhere in his decision does the ALJ even mention the treating sources.

Defendant argues, although the ALJ did not explicitly address the treating source statements, any error would be harmless because reconsideration of the statements would not have altered the ALJ's determination.  (Dkt. No. 9 at 14.)  To be sure, "[w]here application of the correct legal principles to the record could lead only to the same conclusion, there is no need to require agency reconsideration." *Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010).   However, it is unclear whether the ALJ reviewed the statements at all, and although they contained no specific functional limitation, the statements were more favorable to Plaintiff than the other evidence

considered.  *See Cottrell v. Colvin*, 206 F. Supp. 3d 804, 810 (W.D.N.Y. 2016); *see also McAllister v. Colvin*, 205 F. Supp. 3d 314, 333 (E.D.N.Y. 2016) ("None of the points articulated by the Commissioner were identified by the ALJ as a basis for his refusal to give [doctor's] opinion controlling weight or for his failure to even mention [the doctor's] opinion at all.").  Further, the ALJ never stated he was discounting the statements because they went to an issue reserved to the Commissioner and the Commissioner may not substitute her own rationale when the ALJ failed to provide one.  *Pomales v. Berryhill*, No. 16-CV-258, 2017 WL 1546476, at *4 (W.D.N.Y. May 1, 2017).  Therefore, remand is necessary for a proper discussion and analysis of the statements provided by the treating sources.

Plaintiff also argues the ALJ's RFC was the product of legal error and not supported by substantial evidence.  (Dkt. No. 8 at 12-17.)  Due to the errors identified herein, the ALJ should make new findings related to Plaintiff's RFC and at step five.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is **GRANTED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated:     October 27, 2020

*William B. Mitchell Carter*
U.S. Magistrate Judge